IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

SCOT BACON, Register No. 1007200,    )
                                      )
                Plaintiff,            )
                                      )
        v.                            )    No. 05-4426-CV-C-SOW
                                      )
STEWART EPPS, et al.,                 )
                                      )
                Defendants.           )

## REPORT, RECOMMENDATION AND ORDER

Plaintiff Scot Bacon, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

Plaintiff names numerous defendants, most of whom are employees of Fulton Reception and Diagnostic Center or Correctional Medical Services.

In support of his claims for relief, plaintiff claims that a drill bit from a dentist's drill came out of the drill and was lost somewhere inside him and that even after he started passing blood, defendants refused to take action to have the drill bit removed after they were aware that it was causing him harm.

Plaintiff has requested leave to proceed without prepaying the filing fee and costs. 28 U.S.C. § 1915(a). Pursuant to the Prison Litigation Reform Act, the court is required to screen prisoner cases and must dismiss a complaint, or any portion of the complaint, if satisfied that the action is frivolous, malicious, or fails to state a claim under which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2). Additionally, under section 1915(g), if a prisoner, while incarcerated, has had three cases dismissed on any of these grounds, the court must deny leave to proceed under section 1915(a). The only exception to the successive petition clause is when the prisoner faces "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Plaintiff will be granted leave to proceed on his claims against defendants Dr. Robertson, Dr. Garcia. Cindy Thoenen and Stewart; however, claims against all other defendants should be dismissed because plaintiff has not alleged that those defendants were deliberately indifferent to his serious medical needs or had authority to take action.

"[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, 'sufficiently serious,' . . ." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)). "Second, a prison official must be, as a subjective state of mind, deliberately indifferent to the prisoner's health or safety." Beyerbach v. Sears, 49 F.3d 1324 (8th Cir. 1995). Therefore, the official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.

Although plaintiff's allegations against defendants Dr. Robertson, Dr. Garcia, Cindy Thoenen and Stewart Epps may not be sufficient to withstand a motion to dismiss or for summary judgment, they are sufficient, when liberally construed, to allow plaintiff to proceed at this stage.

The Prison Litigation Reform Act of 1995 requires inmates to pay the filing fee when bringing a civil case or filing an appeal in forma pauperis. 28 U.S.C. § 1915 (as amended Apr. 26, 1996). The records available to the court indicate plaintiff is capable of making an initial payment of $3.40[1] toward the filing fee. Plaintiff should contact prison officials to have the initial payment processed. In the future, prison officials will withdraw funds from plaintiff's account and forward them to the court, until the filing fee is paid in full. If plaintiff fails to make

---

[1]The initial payment is assessed at "20 percent of the greater of (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal." The installment payments will be assessed at "20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid." 28 U.S.C. § 1915 (as amended Apr. 26, 1996). If plaintiff has not signed an authorization for release of inmate account funds, he will need to do so promptly.

the initial payment, his claims may be dismissed for failure to comply with court orders. Fed. R. Civ. P. 41(b).

Pursuant to L.R. 7.1, suggestions in opposition to pending motions should be filed within twelve days after the motion is filed. Reply suggestions should be filed within twelve days after the suggestions in opposition are filed. In some circumstances, the court will give the parties additional time to file suggestions or reply suggestions. Unless an order is issued extending the time, responses and suggestions must be filed within the twelve days allotted by the Rule. Requests for an extension of time should be filed prior to the expiration of the twelve days allowed for a response. Responses and suggestions filed out-of-time, without prior leave of court, may not be considered when the court issues its ruling on the pending matter.

IT IS, THEREFORE, ORDERED that plaintiff is granted leave to proceed in forma pauperis, pursuant to the provisions of 28 U.S.C. § 1915. It is further

ORDERED that within thirty days, plaintiff make an initial payment of $3.40 toward the $250.00 filing fee. It is further

ORDERED that within thirty days, the Attorney General of Missouri and Correctional Medical Services notify the court, in writing, for which defendants they will and will not waive service of process. It is further

ORDERED that defendants Dr. Robertson, Dr. Garcia, Cindy Thoenen and Stewart Epps answer or otherwise respond, pursuant to Fed. R. Civ. P. 4 and 12, within sixty days, if service of process is waived, or within twenty days after service of process, if service of process is not waived. It is further

ORDERED that defendants are granted leave to depose plaintiff at his place of incarceration. It is further

RECOMMENDED that plaintiff's claims against defendants McSwain, Jackson, Fleming, Schiverdecker, Sands, Chapman, Very, Bailey, Graves, Michell, Henry Schein, Inc., Den-Tal E.Z., Inc. Patterson Dental be dismissed, pursuant to 28 U.S.C. § 1915A, for failure to state a claim for which relief can be granted.

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include

3

matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation may result in a waiver of the right to appeal. See L.R. 74.1.

Dated this 27th day of February, 2006, at Jefferson City, Missouri.

/s/

WILLIAM A. KNOX
United States Magistrate Judge